IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AUSTIN WAYNE BYRD,

Plaintiff,

v.

OFFICER ANDREW LINDSAY, et al.,

Defendants.

1:26-CV-413-DAB-LPA

**ORDER**

The Magistrate Judge granted Byrd's application to proceed *in forma pauperis* for the limited purpose of recommending dismissal of most of Byrd's claims under 28 U.S.C. § 1915A. *6/3/26 Order and Recommendation*, D.E. 4.

The Magistrate Judge concluded that Byrd plausibly alleged individual capacity claims against Officer Andrew Lindsay based on allegations that Lindsay unlawfully seized Byrd's motorcycle, conducted an unlawful search, made false statements to obtain an arrest warrant, and caused Byrd to face fentanyl charges. *Id*. at 4. The Magistrate Judge also concluded that Byrd plausibly alleged an individual capacity excessive force claim against Officer John Doe 1 based on allegations that the officer used excessive force during a lawful arrest. *Id*. at 6. Accordingly, the Magistrate Judge recommended that those claims proceed. *Id*. at 4–6.

The Magistrate Judge recommended dismissal of all remaining claims. The Magistrate Judge concluded that Byrd failed to state official capacity claims against Officer Lindsay and Officer John Doe 1 because he did not allege an unconstitutional municipal policy or custom as required under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). *Id*. at 4–7. Additionally, Byrd's challenge to the department's inventory search policy failed because such policies may permit searches of closed or locked containers under appropriate circumstances. *Id*. The Recommendation further concluded that Byrd failed to state claims against any unidentified officers involved in the motorcycle inventory search. *Id*. at 6, n. 2.

The Magistrate Judge also recommended dismissal of claims against Officer Jane Doe 1 and Officer John Doe 2 because the seizure of Byrd's jacket, motorcycle keys, and wallet during a lawful arrest was permissible as part of the arrest process. *Id*. at 7. Additionally, Byrd's claims against the unnamed "Drone Team" defendants were frivolous because the allegations of prolonged, multi-agency drone surveillance lacked a plausible factual basis. *Id*. at 7–8.

Finally, the Magistrate Judge recommended dismissal of claims against the Kernersville Police Chief for failure to allege facts supporting official capacity, failure to train, or *respondeat superior*. *Id*. at 8–9. Byrd also failed to state claims against John Does 3 and 4 because he did not allege that they intentionally punished him by placing him in segregation, deprived him of a telephone call, or caused the conditions of his confinement. *Id*. at 9–11. Additionally, Byrd failed to allege a deprivation of a basic human need or any physical injury to support his claim about the alleged conditions of his confinement or to recover compensatory damages. *Id*. at 11. Accordingly, the Magistrate Judge recommended that only Byrd's individual capacity claims against Officer Lindsay and Officer John Doe 1 proceed. *Id*. at 4–6.

Byrd objected. *6/12/26 Objection*, D.E. 9. Following *de novo* review under Fed. R. Civ. P. 72(b)(3), and liberally construing Plaintiff's *pro se* objections, the Court adopts the Recommendation.

No party has objected to the Magistrate Judge's summary of the background of this case, so the Court adopts the facts set forth in the Recommendation. *See* D.E. 4 at 1; *Thomas v. Arn*, 474 U.S. 140, 152 (1985).

Byrd filed six objections to the Magistrate Judge's Recommendation. *See* D.E. 9. Upon review, Byrd's objections do not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, Byrd largely restates his allegations contained in the Complaint and requests that his claims be allowed to proceed or be stayed pending discovery of various policies and records that he believes may support his claims.

Such objections are insufficient. A generalized objection, or one that repeats arguments previously presented to the Court does not identify an error in the magistrate judge's analysis and is insufficient to warrant *de novo* review. *Suntrust Mortgage, Inc. v. Busby*, 651 F.Supp.2d 472, 476 (W.D.N.C. 2009). Likewise, an objection that simply disagrees with the magistrate judge's recommended disposition or reasserts prior arguments, without identifying a specific legal or factual error, is not a proper objection for purposes of review. *Id*. Moreover,

discovery is intended to "assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990).

Byrd also provided two reasons as to why he thinks that the Magistrate Judge did not read or comprehend his Complaint properly, which the Court will construe as objections considering Byrd's *pro se* status. Byrd asserts that Officer Lindsay did not merely open luggage compartments but instead opened a locked bag and a locked safe located within a motorcycle storage compartment. D.E. 9 at 1–2. Byrd argues that, while searching the compartments may have been lawful, opening locked containers was not. *Id*. Byrd also objects to the statement that the fentanyl charges were dismissed. *Id*.

These objections do not alter the Magistrate Judge's Recommendation, which stated that inventory searches may, under appropriate policies, extend to closed or locked containers. D.E. 4, at 5–6. Likewise, whether the fentanyl charges had already been dismissed or were expected to be dismissed is immaterial to the Recommendation. In either event, the Magistrate Judge concluded that Byrd had plausibly alleged an individual capacity claim against Officer Lindsay based on the alleged false statements supporting those charges. *Id*. at 4.

After careful review of the Recommendation, its findings, and conclusions of law, the Court concludes that the Magistrate Judge's Recommendation is consistent with applicable law. Accordingly, the Court adopts the Recommendation.

## CONCLUSION

The Court has reviewed the Recommendation and Byrd's objections and finds that the recommended disposition of this case is supported by the record and law. The Court accepts the Magistrate Judge's Recommendation in full.

It is therefore ORDERED that Byrd's case be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or for failing to state a claim upon which relief may be granted except for Byrd's individual capacity claims against Defendants Lindsay and John Doe 1.

It is further ORDERED that the Plaintiff's Objections, D.E. 9, are overruled, and the Recommendation of the Magistrate Judge, D.E. 4, is adopted.

3

This the 7th day of July, 2026.

/s/ David A. Bragdon
United States District Judge

4